**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------- X
TRUSTEES OF THE EMPIRE STATE CARPENTERS
WELFARE, PENSION, ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR MANAGEMENT
COOPERATION and SCHOLARSHIP FUNDS,

               **ORDER**
        Plaintiffs,   12-CV-1353 (ADS) (AKT)

  -against-

DEEP BLUE CONSTRUCTION, CORP.,

        Defendant.
----------------------------------------------------------------------------X

**APPEARANCES:**

**Selvin & Hart, P.C.**
*Attorneys for the Plaintiffs*
1625 Massachusetts Ave, N.W.
Suite 450
Washington, DC 20036
  By: Owen M. Rumelt, Esq., Of Counsel

**NO APPEARANCE:**

Deep Blue Construction, Corp.

**SPATT, District Judge.**

On March 20, 2012, the Plaintiffs Trustees of the Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship, Charitable Trust, Labor Management Cooperation and Scholarship Funds ("the Plaintiffs") commenced this action against the Defendant Deep Blue Construction, Corp. ("the Defendant"). Pursuant to § 502 of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. § 1132, and § 301 of the Labor Management Relations Act of 1948, 29 U.S.C. § 185, the Plaintiffs sought an audit of the Defendant's books and records and

any unpaid contributions that may be determined by the audit. The Plaintiffs also sought interest, liquidated damages, audit costs, and attorneys' fees and costs.

On May 31, 2012, the Clerk of the Court noted the default of the Defendant and on July 2, 2012, the Plaintiffs moved for a default judgment against the Defendant. On July 5, 2012, this Court referred the matter to United States Magistrate A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On January 24, 2013, Judge Tomlinson issued a Report and Recommendation (the "Report") recommending that (1) a default judgment be entered against the Defendant in the amount of $1,730; (2) the Defendant be ordered to permit the Plaintiffs to conduct an audit of the Defendant's books and records for the period covering February 25, 2009 through the entry of judgment; (3) such audit be conducted within thirty (30) days after notice of entry of judgment; and (4) once the audit is completed, the Plaintiffs may take appropriate steps to recover unpaid contributions, interest, liquidated damages and audit costs. (Report at 13.) To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Tomlinson's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Tomlinson's Report, it is hereby

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in its entirety. The Court grants the Plaintiffs' motion for a default judgment against the Defendant in the amount of $1,730. In addition, the Court directs the Defendant to permit the Plaintiffs to conduct an audit of the Defendant's books and records for the period covering February 25, 2009 through the entry of judgment. The audit must be completed within thirty (30) days after notice of entry of judgment. Once the audit is completed, the Plaintiffs may take appropriate steps to recover unpaid contributions, interest, liquidated damages and audit costs; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiffs as set forth above; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       February 28, 2013

                                                        _____/s/ Arthur D. Spatt_____
                                                            ARTHUR D. SPATT
                                                  United States District Judge